UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TOBIAS RICHARDSON,

    Plaintiff,

v.                                                         Case No.: _____

STERLING PACKAGING, LLC,

    Defendant.

_____/

## INITIAL COMPLAINT

COMES NOW the plaintiff, Tobias Richardson, by and through his undersigned counsel, and hereby files this Initial Complaint against defendant, Sterling Packaging, LLC, and alleges:

### I. Jurisdiction and Venue

1.     This Court has jurisdiction in this cause pursuant to 28 U.S.C. § 1331 insofar as claims arise under 42 U.S.C. § 1981, as amended.

2.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because the claims arose in this district; defendant has an office and operates in this district; plaintiff was employed, paid, and worked in this district; all causes of action accrued in this district; and defendant is subject to personal jurisdiction in this district.

### II. Parties

3.     Plaintiff, Tobias Richardson (hereinafter at times "Richardson"), is a former employee of defendant, Sterling Packaging, LLC (hereinafter at times "Sterling"). He is Black/African American.

4.     Sterling is a company which is engaged in commerce and activities

affecting commerce, and it is subject to 42 U.S.C. § 1981.

5. In fact, plaintiff was regularly and frequently tasked with jobs associated with preparing boxes which were to be shipped to Georgia, Louisiana, Canada, and other locations outside the state of Alabama. Moreover, in performing work for defendant plaintiff at times operated a piece of machinery which had been manufactured outside the United States.

### III. Factual Allegations

6. Beginning in or around Fall 2023 Richardson began working as an employee of Sterling at its facility located in Monroeville, Alabama.

7. During his employment, Richardson noticed that defendant treated non-Black employees very differently than Black employees, as African Americans were often treated with contempt by defendant.

8. Moreover, Richardson was subjected to several racist comments which were derogatory to Blacks/African Americans. Many comments were uttered by officers of Sterling who had the power and authority to act for Sterling and establish its policies.

9. Early in his employment, plaintiff was a machine operator.

10. Although Richardson performed capably as a machine operator, defendant took him out of that position and replaced him with a non-Black individual. Defendant then moved plaintiff to another position as a line packer.

11. In moving Richardson to a line packer position, defendant both made his job more physically demanding and reduced his pay, thus effectively demoting him. Nevertheless, Richardson continued working for Sterling.

12. In his new capacity, Richardson continued to experience more racism and

discriminatory comments.

13. Ultimately, defendant terminated Richardson's employment in or around late 2023 and upon information and belief promptly replaced him with a non-Black individual.

14. A determinative factor in defendants' treatment, demotion, and termination of plaintiff was his race.

### IV.  Count I -- Violation of 42 U.S.C. § 1981
### (Racial Discrimination)

15. Plaintiff realleges and incorporates herein paragraphs 1 through 14, above.

16. The foregoing facts and circumstances demonstrate that the actions of defendants and their agents were intentionally, willfully, and/or maliciously undertaken in reckless disregard of plaintiff's right to enjoy the benefits, privileges, terms, and conditions of his contractual employment relationship with defendant, which are secured by 42 U.S.C. §1981.

17. The defendant and its agents knew or should have known that the above-referenced actions violated the protections of 42 U.S.C. § 1981.

18. As a direct and proximate result of the actions of defendant and its agents, plaintiff has suffered, and will continue to suffer mental anguish, physical discomfort, pain and suffering, humiliation, embarrassment, and mental and emotional distress. Furthermore, plaintiff has suffered lost wages and benefits, a diminished ability to earn a living, and a diminished capacity to enjoy her life.

19. Plaintiff has been required to hire an attorney to assist him in enforcing his rights under the law.

WHEREFORE, plaintiff demands back pay and all pay increases, bonuses, and benefits associated with employment with the defendant; interest, including pre-judgment interest; reinstatement or future pay and benefits; compensatory damages for mental and emotional distress, punitive damages, humiliation, embarrassment, and loss of enjoyment of life, and ability to earn a living; attorney's fees and costs; and any other relief to which he may be entitled.

***Plaintiff demands a jury trial on all issues contained in this Initial Complaint which are so triable.***

          Respectfully submitted,

          s/Bradley S. Odom
          Bradley S. Odom, Esq.
          Florida Bar Number:  932868
          ODOM LAW GROUP, P.A.
          1800 North "E" Street
          Pensacola, Florida  32501
          (850) 434-3527
          Attorney for Plaintiff
          email@odomlawgroup.net